IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BILL LIETZKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-858-MHT-GMB |
| | ) | [WO] |
| CITY OF MONTGOMERY and | ) | |
| KEVIN MURPHY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the *pro se* complaint of Plaintiff Bill Lietzke. Doc. 1. Also pending is a motion to proceed *in forma pauperis*. Doc. 2. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. For the reasons stated herein, the Magistrate Judge RECOMMENDS that the motion to proceed *in forma pauperis* (Doc. 2) be GRANTED, but that the action be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] for failure to state a claim upon which relief can be granted.

**I. JURISDICTION AND VENUE**

The court has subject-matter jurisdiction over the claims in the action pursuant to 28 U.S.C. § 1331. The court finds adequate allegations to support both jurisdiction and

---

[1] This statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

venue in the Middle District of Alabama.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Lietzke filed this action in the Eastern District of California on August 30, 2018. Doc. 1.  Pursuant to 28 U.S.C. § 1631, the District Court for the Eastern District of California transferred the case to this district. Doc. 3.  This is not the first time that Lietzke has brought allegations such as these against these defendants. *See, e.g.*, *Lietzke v. City of Montgomery, et al.*, 2:17-cv-609-MHT-GMB (Doc. 6 at 23).

The facts alleged in the complaint are as follows.  On or around May 26, 2017 at approximately 4:45 p.m., City of Montgomery police officers detained Lietzke on the corner of Monroe Street and South Lawrence Street in Montgomery, Alabama. Doc. 1 at 2.  The officers inquired, "What's going on?" Doc. 1 at 2.  They also informed Lietzke that the City of Montgomery had received a call that he was chasing someone. Doc. 1 at 2.  However, Lietzke maintains that he was not engaged in any unlawful activities. Doc. 1 at 2.  He was later released on his own recognizance. Doc. 1 at 2.

## III.  STANDARD OF REVIEW

The same standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  In evaluating the sufficiency of a complaint, the court must indulge reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" are not admitted as true for the purpose of testing the

sufficiency of a plaintiff's allegations. *Id.*

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 570 (2007) (retiring the prior standard allowing dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678. Further, when a successful affirmative defense (such as the statute of limitations) appears on the face of the complaint, dismissal for failure to state a claim also is warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper

3

cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

### III. DISCUSSION

Lietzke claims that the defendants acted "without probable cause and without lawful privilege therefor, abridging the Plaintiff's right of the people peaceably to assemble under the First Amendment, and abridging the Plaintiff's right to plead the Fifth Amendment of the United States Constitution." Doc. 1 at 2. He seeks monetary damages for these violations. Doc. 1 at 2. The court construes Lietzke's allegations as an attempt to state First Amendment, Fourth Amendment, and Fifth Amendment claims. Lietkze also appears to assert state-law claims for libel and slander. Doc. 1 at 2.

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives any citizen of the United States "of any rights, privileges, or immunities secured by the Constitution and laws[.]" In this way, § 1983 provides citizens with the mechanism to enforce their individual rights guaranteed by the United States Constitution. *E.g.*, *Gonzaga Univ. v. Doe*, 536 U.S 273, 285 (2002); *Micklas v. Doe*, 450 F. App'x 856, 857 (11th Cir. 2012). Accordingly, the court will address Lietzke's claims through the lens

4

of § 1983 even though he does not explicitly invoke that statute.

To state a claim under § 1983, a plaintiff must demonstrate (1) the deprivation of a federal constitutional or statutory right, and (2) that the deprivation was committed by a person acting under color of law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). Though Lietzke has invoked his First Amendment, Fourth Amendment, and Fifth Amendment rights, he fails to state a plausible claim for § 1983 relief against either defendant.

**A.    City of Montgomery**

The Eleventh Amendment bars suits against a state by its own citizens unless the state consents to being sued or Congress has abrogated the state's immunity. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Seminole Tribe v. Florida*, 517 U.S. 44, 47 (1996). But state municipalities, including cities, are subject to suits for damages under § 1983. *See Vinson v. Clarke Cnty., Ala.*, 10 F. Supp. 2d 1282, 1294 (S.D. Ala. June 17, 1998); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (2016). However, a city is liable only when it maintains a policy that causes a constitutional violation. *Harris*, 489 U.S. at 389. In other words, Lietzke must identify a municipal policy or custom that caused his injury. *Id.* at 385 (citing *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 694)). That policy must be either an officially promulgated policy or an unofficial custom or practice. *Vinson*, 10 F. Supp. 2d at 1294. Lietzke has alleged neither. Because Lietzke has not pleaded that a policy or custom of the City of Montgomery deprived him of his constitutional rights, he has not alleged facts demonstrating a § 1983 claim against this defendant. As a result, all claims against the City of Montgomery are due to be dismissed.

**B.     Kevin Murphy**

Section 1983 allows a plaintiff to assert claims of wrongdoing against a state actor in either his official capacity or individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55.  "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S at 25.

Here, Lietzke does not explain who Kevin Murphy is, what Kevin Murphy did, or in what capacity he sues Kevin Murphy.  The court, however, may take judicial notice of a fact without formal proof if the fact in question is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed. R. Evid. 201(b)).  It is both generally known with this district and readily determinable that, although Murphy was once employed by the City of Montgomery Police Department, he left his employment with the City of Montgomery in 2014, approximately three years before the allegations in Lietzke's complaint took place. *See* Murphy's pick as MCSO chief deputy greeted with optimism, *available at* https://www.montgomeryadvertiser.com/story/news/local/2014/12/10/kevin-murphy-appointed-chief-deputy/20205875/ (identifying the defendant's employer in December 2014 as the Montgomery County Sheriff's Office and referencing his prior employment with the City of Montgomery Police Department) (last visited Dec. 4, 2018).  Therefore, Murphy was not affiliated with the City of Montgomery

6

at the time that Lietzke alleges he was harmed by members of the city's police department in May 2017. Without any direct allegations against Murphy, Lietzke's official capacity and individual capacity claims against Murphy fail on this basis. Accordingly, the suit against Kevin Murphy is due to be dismissed.

**C.    State-Law Claims**

Pursuant to 28 U.S.C. § 1367(c)(3), the court recommends that the District Court decline to exercise supplemental jurisdiction over Lietzke's remaining state-law claims because his federal law claims are due to be dismissed. *See* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction"). Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss remaining state-law claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")  Before dismissing the remaining state-law claims, courts consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. V. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

"Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only

7

do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540. Indeed, the Supreme Court has declared that "[n]eedless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 282 U.S. 715, 726 (1966). The court sees no reason to depart from this rule of thumb by adjudicating Lietzke's state-law claims if his federal claims are dismissed prior to service of process. Further, there is nothing before the court to suggest that the remaining factors—convenience and fairness—weigh in favor of retaining subject-matter jurisdiction, and the court can discern no possibility of significant prejudice to any party. Accordingly, the court recommends that the District Court decline to exercise supplemental jurisdiction over Lietzke's state-law claims pursuant to § 1367(c)(3).

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the motion to proceed *in forma pauperis* (Doc. 2) be GRANTED, but that the action be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

It is further ORDERED that Lietzke is DIRECTED to file any objections to the report and recommendation **no later than December 18, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. Lietzke is advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 4th day of December, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE